# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### September 19, 2006 Session

## STATE OF TENNESSEE v. ANDREW SOIMIS

**Direct Appeal from the Criminal Court for Putnam County**
**No. 04-0592     Leon Burns, Judge**

---

**No. M2005-02524-CCA-R3-CD - Filed February 8, 2007**

---

Andrew Soimis, the defendant, appeals his conviction for second degree murder (Class A felony) on the sole ground that the evidence was insufficient to support the conviction. After review, we conclude that the evidence was sufficient, and we affirm the judgment of conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JAMES CURWOOD WITT, JR., JJ., joined.

F. Michie Gibson, Jr. and T. J. Jones, Nashville, Tennessee, for the appellant, Andrew Soimis.

Paul G. Summers, Attorney General and Reporter; C. Daniel Lins, Assistant Attorney General; William Edward Gibson, District Attorney General; Anthony Craighead, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

This case concerns a fatal shooting of the victim, David Duncker, as he fished from a stream bank in the rural Waterloo community of Putnam County. The defendant was indicted for premeditated first degree murder, and a jury convicted the defendant of second degree murder. The defendant was sentenced to an effective twenty-nine years incarceration. On appeal, the defendant challenges the sufficiency of the evidence to support the conviction.

Facts

The evidence which implicated the defendant as the murderer was provided by Steven Hollars, an eyewitness to the victim's shooting. Hollars, Jessica Decent, and the victim shared a trailer in the Buffalo Road Trailer Park. Jessica Decent was Hollars' girlfriend and mother of his children. The victim was Ms. Decent's brother. The defendant and his girlfriend lived in a trailer next door to Hollars. There was testimony from Hollars and other residents of the trailer park that

the defendant was a cocaine dealer. Approximately one week before the victim's death on April 29, 2004, Hollars and the victim entered the defendant's trailer and stole seven grams of cocaine. The cocaine was then consumed by Hollars, Decent, and the victim. According to Hollars and another trailer park resident, Marty Burton, the defendant suspected the victim had stolen the cocaine.

On the evening of April 29, the defendant came to Hollars' trailer and suggested they go fishing. Hollars and the victim rode with the defendant in his van to an area known as Waterloo. This area consists of a rock-lined creek with a small waterfall near a bridge for Highway 131. The site was commonly used for swimming, fishing, and picnics.

While Hollars was preparing his fishing line, he heard a gun shot. He looked up to see the victim lying prone at the water's edge. The defendant then shot the victim twice more. The defendant placed the gun to Hollars' head and threatened him, his girlfriend, and his child if Hollars reported these events. The defendant and Hollars gathered the fishing poles and drove to the trailer park. The defendant left for Toledo, Ohio the following day and did not return until June 25, 2004.

The victim's body was discovered on April 30 and was reported to law enforcement authorities. Three spent .22 caliber shells were found at the scene. Hollars initially denied any knowledge of the shooting but eventually gave a statement consistent with the version of events contained herein.

Dr. Feng Li, a forensic pathologist, performed the victim's autopsy which indicated that the cause of death was multiple gunshot wounds. The victim was shot once in the back of his head behind the left ear; a second shot entered under the chin; and a third shot was to the left side of the chest. All wounds were inflicted by small caliber projectiles.

The defendant was interrogated after his arrest and denied any involvement. He did not testify at trial.

Sufficiency of Evidence

The defendant contends that the evidence was insufficient to support the conviction. The defendant bases his argument on the contention that Steven Hollars was a liar who fabricated his testimony to deflect suspicion from himself. The State argues that Hollars' testimony was thoroughly tested through cross-examination and that the jury has settled the issue of his credibility by its verdict. We agree with the State that the evidence was sufficient beyond a reasonable doubt.

When the sufficiency of the evidence is challenged on appeal, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). The credibility of witnesses is the responsibility and domain of the jury to determine. State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984). Appellate courts are not free to re-evaluate the evidence and, after a conviction in the trial

court, must recognize that all conflicts in the testimony are resolved in favor of the State. <u>State v. Cabbage</u>, 571 S.W.2d 832, 835 (Tenn. 1978). "Questions concerning the credibility of witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the issues are resolved by the trier of fact." <u>State v. Bland</u>, 958 S.W.2d 651, 659 (Tenn. 1997).

In order to convict for second degree murder, there must be evidence that the defendant unlawfully and knowingly killed another. T.C.A. § 39-13-210(a)(1). A person acts knowingly with respect to a result of the person's conduct when the person is aware that the conduct is reasonably certain to cause the result. T.C.A. § 39-11-302(b).

The defendant argues that Steven Hollars' testimony was unworthy of belief because Hollars originally lied to authorities as to his knowledge of the killing. However, Hollars was thoroughly cross-examined about his statements and admitted the original lies. Hollars justified his failure to be truthful by stating that he was scared of the defendant. Hollars witnessed the defendant shoot the victim. His testimony also provided a motive for the defendant's actions, i.e., the defendant's belief that the victim had stolen cocaine from the defendant. Other witnesses also testified to the same motive. The jury, as fact finders, heard and weighed the evidence. In our view, their verdict was rational in its validation of the State's evidence.

Conclusion

Accordingly, we affirm the judgment of conviction.

_____
JOHN EVERETT WILLIAMS, JUDGE